1
2
3
4
5
6                    UNITED STATES DISTRICT COURT
7                          DISTRICT OF NEVADA
8

9  MARSHALL BURGESS, JR.,
10      Petitioner,                    Case No. 3:06-CV-00159-ECR-(RAM)
11  vs.                                **ORDER**
12  E. K. MCDANIEL, et al.,
13      Respondents.
14

15    Petitioner has submitted an Application to Proceed in Forma Pauperis (#1), a Petition
16 for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254, and a Motion for Appointment of
17 Counsel.  Plaintiff is unable to pay the filing fee.
18    Whenever the Court determines that the interests of justice so require, counsel may
19 be appointed to any financially eligible person who is seeking habeas corpus relief.  18 U.S.C.
20 § 3006A(a)(2)(B).  "[T]he district court must evaluate the likelihood of success on the merits as well
21 as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal
22 issues involved."  Weygandt v. Look, 718 F.2d 952 (9th Cir. 1983).  There is no constitutional right
23 to counsel in federal habeas proceedings.  McCleskey v. Zant, 499 U.S. 467, 495 (1991).  The
24 factors to consider are not separate from the underlying claims, but are intrinsically enmeshed with
25 them.  Weygandt, 718 F.2d at 954.
26    The Court has reviewed the Petition.  The issues are not particularly complex, and
27 Petitioner has been able to articulate his claims.  The Court has inadequate information at this time
28 on which to evaluate the likelihood of petitioner's success on the merits.

IT IS THEREFORE ORDERED that the Clerk of the Court shall file the Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (documents 1-2 and 1-[3], pp. 1-11, in the Court's image file).

IT IS FURTHER ORDERED that the Clerk shall serve the Respondents a copy of the Petition by certified mail upon the Office of the Attorney General, Criminal Division, 100 North Carson St., Carson City, NV 89701-4717.  In addition, the Clerk shall return to Petitioner a copy of the Petition which was sent to the Court.

IT IS FURTHER ORDERED that Respondents shall have forty-five (45) days from the date on which the Petition was served to answer, or otherwise plead to, the Petition.  If Respondents file and serve an answer, then they shall comply with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts, and then Petitioner shall have forty-five (45) days from the date on which the answer is served to file a reply.

IT IS FURTHER ORDERED that henceforth, Petitioner shall serve upon Respondents or, if appearance has been entered by counsel, upon the attorney(s), a copy of every pleading, motion or other document submitted for consideration by the court.  Petitioner shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the Respondents or counsel for the Respondents.  The court may disregard any paper received by a district judge or magistrate judge which has not been filed with the Clerk, and any paper received by a district judge, magistrate judge or the Clerk which fails to include a certificate of service.

IT IS FURTHER ORDERED that the Clerk shall file the Motion for Appointment of Counsel (document 1-[3], pp. 12-17, in the Court's image file).

IT IS FURTHER ORDERED that Petitioner's Motion for Appointment of Counsel is **DENIED**.

DATED this 10th day of April, 2006.

_____
EDWARD C. REED
United States District Judge